UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM GIORNIERI, | Civil Action No. 22-2475 (SDW) |
| Plaintiff, | |
| v. | AMENDED MEMORANDUM OPINION |
| ESSEX COUNTY CORRECTIONS [DOC] ENTITY, et al., | |
| Defendants. | |

**IT APPEARING THAT:**

1. On or about April 28, 2022, Plaintiff, who alleges that he is a convicted and sentenced state prisoner confined in the Essex County Correctional Facility, filed a complaint raising civil rights claims pertaining to allegedly unconstitutional conditions of confinement. (ECF No. 1). Plaintiff also filed an application to proceed *in forma pauperis* (Document 1 attached to ECF No. 1).

2. Having reviewed Plaintiff's application and determined that leave to proceed without prepayment of fees is warranted, Plaintiff's *in forma pauperis* application is granted pursuant to 28 U.S.C. § 1915(a).

3. Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil

1

Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

4. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege

2

sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

6. The defendants to the complaint are Essex County Corrections (DOC) entity, Essex County Corrections (Warden), Essex County Corrections Medical Staff, and Essex County Social Worker. (ECF No. 1 at 2-3.) Plaintiff alleges that from December 2, 2021 through March 20, 2022, in Essex County Correctional Facility in Newark, New Jersey, he was subjected to the following conditions of confinement, in violation of his constitutional rights pursuant to 42 U.S.C. § 1983: 1) witnessing a cover up "when a young man was stabbed to death on the tier[;]" 2) deprivation, for a 14-day period, of showers, telephone, commissary, stamps, grievances, tablet, "Rec" or time outside his cell; (3) deprived of bed sheets for more than two months; 4) "constantly re-exposed to a deadly virus during a health emergency while having COVID"; 5) a social worker deprived him of the grievance system. Plaintiff alleges that the warden intentionally subjected him to these conditions without provocation. The conditions caused him mental anguish. For relief, Plaintiff seeks monetary damages, his "time back," and to get away from the Department of Corrections. Because he seeks damages and injunctive relief, this Court will construe his § 1983 claims against the defendants in their individual/personal and official capacities. *See, Hafer v. Melo*, 502 U.S. 21, 25 (1991) (explaining distinction between personal and official capacity claims under § 1983).

7. "[V]icarious liability is inapplicable to … § 1983 suits[;] " therefore "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution. *Iqbal*, 556 U.S. at 676. Where a plaintiff brings a claim against a supervisory official "'[t]here are two theories of supervisory liability,' one under which supervisors can be liable if they 'established and maintained a policy, practice or custom which

3

directly caused [the] constitutional harm,' and another under which they can be liable if they 'participated in violating plaintiff's rights, directed others to violate them, or, as the person[s] in charge, had knowledge of and acquiesced in [their] subordinates' violations.'" *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010) (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir.2004) (second alteration in original).

8. The Eighth Amendment's prohibition on cruel and unusual punishments "applies only to deprivations that constitute an 'unnecessary and *wanton* infliction of pain,' including 'those that are 'totally without penological justification.'" *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019) (first internal quotation *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (emphasis in original); (second internal quotation *Wilson*, 501 U.S. at 308 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)). There are requisite objective and subjective elements to such claims; for the objective element, the deprivation must result in "'the denial of 'the minimal civilized measure of life's necessities.'" *Id.* at 372–73 (3d Cir. 2019) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Thus, prison officials must provide "adequate food, clothing, shelter, and medical care." *Id.* at 373 (quoting *Farmer*, 511 U.S. at 832). "'[S]ome conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise." *Id.* at 373-74 (quoting *Wilson*, 501 U.S. at 304). "In a challenge to those conditions, 'the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm.'" *Id.* at 373 (quoting *Farmer*, 511 U.S. at 834) (citing *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). For the subjective element, a plaintiff must allege that the prison official was deliberately indifferent to inmate health

4

and safety, which requires that "'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Id.* at 373 (quoting *Farmer*, 511 U.S. at 837.)

9. Plaintiff fails to state a claim against the unidentified social worker who allegedly denied him access to the grievance system at Essex County Correctional Facility because "a prisoner has no free-standing constitutional right to an effective grievance process." *Woods v. First Corr. Med. Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)); *Heleva v. Kramer*, 214 F. App'x 244, 247 (3d Cir. 2007) (citing *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir.2001) (collecting cases)). This claim will be dismissed with prejudice because amendment is futile.

10. Plaintiff has not alleged how witnessing a cover up regarding an inmate's death by stabbing presents a substantial risk of serious harm to Plaintiff's health or safety or how any defendant was personally involved in the alleged misconduct. This claim will be dismissed without prejudice for failure to state a claim.

11. Plaintiff's alleged deprivation of showers, telephone, commissary, stamps, and exercise outside his cell for a 14-day period, without more information concerning the effect on Plaintiff's health or safety or any stated purpose for the restrictions, fails to state a cognizable claim. This claim will be dismissed without prejudice.

12. Plaintiff's allegation that he was "constantly re-exposed to a deadly virus during a health emergency while having COVID[,]" is too vague to state a claim. First, Plaintiff failed to allege that he has any risk factors that would subject him to severe illness if infected by COVID-

19 or with repeat exposure to it.[1] Second, Plaintiff has failed to allege how any specific defendant with knowledge of his repeat exposure to COVID-19 failed to abate it. *See, Farmer*, 511 U.S. at 847 (holding a plaintiff must allege, for an Eighth Amendment conditions of confinement claim, that the defendant prison official knew of a substantial serious risk of harm to the plaintiff and failed to take reasonable measures to abate it). These claims will be dismissed without prejudice.

    13. Finally, Plaintiff alleges that he was deprived of bed sheets for more than two months. While denial of clothing or bedding may amount to the deprivation of the basic necessity for warmth, Plaintiff has not alleged that he was subjected to a level of cold that is objectively serious. Additionally, Plaintiff has not alleged how specific defendants were personally involved in this alleged deprivation. Therefore, this claim will be dismissed without prejudice.

    14. In conclusion, this Court will grant Plaintiff's IFP application and dismiss the complaint for failure to state a claim. Plaintiff may file an amended complaint if he can cure the deficiencies in any claims that have been dismissed without prejudice.

    An appropriate order follows.

                      */s/ Susan D. Wigenton*
                      Hon. Susan D. Wigenton,
                      United States District Judge
                      Dated: December 5, 2022

---

[1] This Court takes judicial notice, pursuant to Federal Rule of Evidence 201(b), of the Center for Disease Control and Prevention's ("CDC") website, "COVID-19 Information for Specific Groups of People" (updated March 25, 2022), available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html (last viewed May 4, 2022).